DAVE SLAUGHTER v. THE STATE.

No. 6129.    Decided April 20, 1921.

1.—Robbery—Sufficiency of the Evidence—Accomplice—Requested Charge.

Where, upon trial of accomplice to a robbery committed with firearms, the evidence was sufficient to sustain the conviction, there was no reversible error, and a requested charge for acquittal was properly refused.

2.—Same—Continuance—Practice on Appeal.

Where the application for continuance disclosed the immateriality of the testimony, and would not have changed the result of the trial, there was no error in refusing the application.  Following Dunlap v. State, 9 Texas Crim. Rep., 179, and other cases.

3.—Same—Subsequent Application for Continuance.

Where a subsequent application for continuance was presented after the close of the State's evidence, showed no grounds for such continuance, there was no reversible error.

Appeal from the District Court of Henderson.   Tried below before the Honorable John S. Prince.

Appeal from a conviction of robbery by firearms; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. B.  Giles*, Acting Assistant Attorney General, for the State.— Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Henderson County as an accomplice to a robbery alleged to have been committed by Tom Slaughter with firearms on the 13th day of July, 1920, and his punishment fixed at confinement in the penitentiary for a term of five years.

The indictment contained two counts, one charging appellant as a principal in said robbery, and the other charging him as an accomplice to the actual robbery commitetd by Tom Slaughter as aforesaid.

The facts showed a robbery committed by the use of firearms by two men who entered a bank at Athens in Henderson County, at or a little after noon on the day above mentioned, the parties obtaining a sum of money aggregating over $6,000, and also certain liberty bonds and other property neither of whom was appellant, but one of the men was Tom Slaughter.  It was shown that one or both of the men engaged in the robbery wore overalls.  They came to the bank in a Ford car, the engine of which was left running, and made their escape in said machine, which was later found several miles out from the town of Athens in a partially burned condition.   In the ashes around said vehicle were found some buttons and a quarter of a dollar in silver. The record shows the presence of appellant at the home of a man named Bell who lived not many miles from Athens, for some weeks prior to said robbery.  The oldest daughter of Mr. Bell testified as a witness for the State, and, among other things, stated that about the first of July two other men came to her father's house, one of whom appears to be pretty well identified by other testimony as Tom Slaughter, but the other of whom appears to be unidentified in this record.   The testimony further shows that these men had a Buick car

in which they visited a number of small towns in the general vicinity. Their time appeared to be largely occupied with fishing, hunting and visiting said small towns. They had their own camping outfit and occupied a barn on the Bell premises for sleeping purposes and took their meals with the Bell family, appearing to be amply able to pay for what they wanted. On the day of the robbery, Miss Bell testified, the two other men than appellant ate an early dinner about 10 o'clock and left on foot going toward the public road which was about a quarter of a mile from the Bell house. The party owned two pistols which we gather from her testimony were carried by one of the men who left about this time. Later and about noon this appellant packed up the grip and other property belonging to the party, placing them in the Buick car, and accompanied by Mr. Bell left going in the direction of said public road. About sundown Bell and appellant came back to the house and ate supper and after supper went away again, and Miss Bell stated that she had not seen appellant from that time until she saw him in court at this trial. Her father came home the next morning. She said she had seen none of the other parties after they left her father's house. Appellant was arrested in Dallas on July 21st, and had in his sock at the time of his arrest three $500 liberty bonds which were identified as being part of the property taken in the robbery. He also had $730 in currency in his pocket, which money was rather loosely described by witnesses as "three $100 bills," "some fifties and some twenties," and other smaller money. Aside from the positive identification of the liberty bonds found on appellant's person as being part of the stolen property, it was in testimony by the president of the bank which was robbed, that on the day before said robbery his attention was attracted by a $50 bill among the moneys in the bank, said bill having been issued by a bank in Indianapolis, Indiana, and because of having some relatives in Indianapolis, after his attention was attracted, said witness rather carefully examined said bill. A similar bill was found in the currency on the person of appellant when arrested. There was also found on him four $20 bills which had been issued by another bank in Athens prior to the robbery.

No evidence was offered on behalf of appellant, and we observe here that the record contains no exceptions to the charge of the court, or to the introduction of any evidence. No brief appears on file in behalf of appellant.

The court overruled an application for continuance made by appellant. It stated appellant desired to have eight witnesses alleged to reside in Dallas County, and one witness in Wichita County, and the testimony by deposition of a witness living in Oklahoma. By two of said absent witnesses appellant expected to prove that they were with him from the 15th to the 18th of July, 1920, and that Tom Slaughter was not with him. This would be immaterial. The robbery took place two days before July 15th. By two other of said absent witnesses proof was expected that about July 18th or 19th appellant was at the home of

said witnesses in Ponca City, Oklahoma, and there received several one hundred dollar bills and some fifty dollar bills from a bank at said place. By another of said witnesses proof was expected that he saw appellant exchange smaller money at a bank in Ponca City for a fifty collar bill, and that he heard appellant say it was the only one he had in his possession. By two other of said witnesses proof was expected that about July 16th or 17th appellant was with them at Wichita Falls and collected from one of them $350, and that Tom Slaughter was not with him. The facts expected from the remaining witnesses named in the application were not stated.

We are of opinion that if all of said witnesses had been present and had given the testimony set out in said application, the trial court would have been justified in concluding that it would not have affected or changed the verdict, and he would have been well within his discretion in overruling the motion for a new trial based in part upon the refusal of said application. Dunlap v. State, 9 Texas Crim. App., 179; Williams v. State, 10 Texas Crim. App., 114; Bronson v. State, 59 Texas Crim. Rep., 17; Deckard v. State, 58 Texas Crim. Rep., 34. None of said evidence tended to rebut the possession by appellant of the liberty bonds which were positively identified as having been taken in said robbery or to cast doubt on appellant's presence and companionship with the men who committed the same.

After the State had closed its evidence appellant made a subsequent application for a continuance to obtain the testimony of three of the same witnesses named in his original application, stating that he was surprised at the identification by the State of the three liberty bonds found in his possession at the time of his arrest, and that he expected to prove by said three witnesses that they were present about the 16th or 17th of July, 1920, at Ponca City, and "saw three liberty bonds delivered to him by Henry Graham who lived out from Ponca City;" "that when he left Ponca City about the 20th day of July he had said bonds in his possession." We think the trial court did not abuse his discretion in concluding that this expectant testimony was not probably true, and would not have affected the result of the trial. It was not stated who Henry Graham was. He might, for all this record discloses, be the unidentified second party engaged in the robbery with Tom Slaughter. No effort appears to procure the testimony of Mr. Graham or his presence at the trial. The facts enumerated above seem to show so conclusively the acting together of appellant with the parties who committed the robbery, and their escape from the vicinity in his car together, with his possession a week after the robbery of a part of the stolen property, no explanation of which was made or attempted either at the time of arrest or afterward, as to lead us to conclude that, in the absence of any affidavits from any of said witnesses supporting the motion for new trial, the action of the trial court in refusing said new trial should be upheld by us. A special charge was asked for an instructed verdict for appellant which was properly refused. Also a special charge de-

fining an accomplice which was not in accordance with a proper definition.

We have carefully examined this record and have found no error therein which would call for a reversal of the judgment, and it is accordingly affirmed.

*Affirmed.*