LONNIE BENNETT v. THE STATE.

No. 8368.   Decided May 21, 1924.

**Burglary—Jury and Jury Law—Ku Klux Klan.**

Where appellant desired to question the proposed jurors relative to their membership in, or affiliation with, the organization known as the Ku Klux Klan, and stated that he believed that the jurors were members of such clan and prejudiced against him, and wished to interrogate them in order to properly exercise the peremptory challenges accorded him under the statutes, he should have been allowed to do so. Following: Reich v. State, 94 Texas Crim. Rep., 449, and other cases.                    ?

Appeal from the District Court of Cooke. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. L. Gettys* and *W. S. Moore,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being two years in the penitentiary.

Appellant desired to question the proposed jurors relative to their membership in, or affiliation with, the organization known as the Ku Klux Klan. He stated that he believed some of the jurors were members of such organization and prejudiced against him, and wished to interrogate the respective jurors in order to ascertain these matters. The court declined to permit him to do so. Appellant's proposition is that he should have been accorded the right to make the investigation in order that he might intelligently have exercised the peremptory challenges accorded him under the statute. The State's attorney concedes that the learned trial judge was in error in the ruling complained of. The following cases are directly in point: Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072; Benson v. State, 95 Texas Crim Rep., 311; 254 S. W., 793; Belcher v. State, 257 S. W., 1097; Welk v. State, 96 Texas Crim. Rep., 373; 257 S. W., 1098. Many authorities will be found cited in the foregoing cases, among them being Kerley v. State, 89 Texas Crim. Rep., 199, 230 .S. W., 163, in which the scope and purpose of "peremptory" challenges are discussed at some length. For the error mentioned the judgment must be reversed.

Other questions presented may not arise upon another trial and will not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*