# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00589-CR

**Valerie Star Maynard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. 5402, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Valerie Star Maynard was convicted by a jury for the offense of evading arrest with a vehicle, a state jail felony. The jury sentenced appellant to one year in a state jail facility and a $500.00 fine. The trial court suspended the sentence of confinement and placed appellant on community supervision for three years. In one issue, appellant argues that the trial court abused its discretion in denying appellant's challenge for cause to an objectionable juror. For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

During voir dire, the court, using a chart prepared by defense counsel, identified the three standards of proof used in trials—preponderance of the evidence, clear and convincing evidence, and proof beyond a reasonable doubt—and told the veniremembers that in a criminal trial the State must prove every element beyond a reasonable doubt. When defense counsel questioned

the potential jurors on whether they could follow this standard, one veniremember, Bauman, stated, "If I'm clear and I'm convinced of what I've heard, in my mind it's beyond a reasonable doubt." Upon further questioning, Bauman elaborated, "In my mind if I'm clear on what I have heard and I'm convinced on what I have heard and seen, then I've made a decision based on that." When asked if he would return a guilty verdict once he reached this point, Bauman responded, "I'm going to say it's possible." Upon direct question by the trial court, Bauman stated, "Well, really if I'm clear in my mind, clear and convincing is probably on the same level as beyond a reasonable doubt."

Bauman was subsequently chosen for individual voir dire and again referred to the chart identifying the three standards of proof. When asked if he understood that clear and convincing evidence is a lower standard than beyond a reasonable doubt, Bauman stated, "On the chart it's less, not necessarily in my mind, Judge." At the end of questioning, the trial court cautioned Bauman that if he thinks that the two standards are the same, he could not use the lower standard. To this instruction, Bauman replied, "Right. Well, Judge I guess what—if I had any question in my mind, I'm not clear and convinced, okay?" When defense counsel moved to strike Bauman for cause, the trial court overruled his challenge. The trial court denied appellant additional peremptory challenges to remove another veniremember, Martin, and appellant used her last peremptory strike to remove Bauman. Martin was seated on the jury that convicted and sentenced appellant. This appeal followed.

## ANALYSIS

A defendant may properly challenge any prospective juror who demonstrates a bias or prejudice against any of the law applicable to the case on which the defendant is entitled to rely. *See* Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West 2006); *Cumbo v. State*, 760 S.W.2d 251, 253 (Tex. Crim. App. 1988). A potential juror is challengeable for cause if the juror is unable to require the State to prove each element of the offense beyond a reasonable doubt. *Wheatfall v. State*, 822 S.W.2d 829, 833 (Tex. Crim. App. 1994); *Cantu v. State*, 842 S.W.2d 667, 682-85 (Tex. Crim. App. 1992); *Lane v. State*, 822 S.W.2d 35, 46-48 (Tex. Crim. App. 1991). We review a trial court's decision to deny a party's challenge for cause for an abuse of discretion. *Swearingen v. State*, 101 S.W.3d 89, 98 (Tex. Crim. App. 2003); *Curry v. State*, 910 S.W.2d 490, 492 (Tex. Crim. App. 1995). We review a trial court's decision in light of the veniremember's voir dire testimony as a whole. *Swearingen*, 101 S.W.3d at 99; *see Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995). When the record does not contain a clearly objectionable declaration by the veniremember, or the record demonstrates a vacillating or equivocal veniremember, we accord great deference to the trial judge who had the better opportunity to see and hear the person. *Swearingen*, 101 S.W.3d at 99; *Garcia v. State*, 887 S.W.2d 846, 854 (Tex. Crim. App. 1994); *see also Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).

The harm from the erroneous denial of a defense challenge occurs when (1) a defendant exercises a peremptory challenge on a veniremember whom the trial court erroneously failed to excuse for cause at the defendant's request, (2) the defendant uses all of his statutorily

3

allotted peremptory challenges, and (3) the defendant was denied a request for an additional peremptory challenge which he claims he would use on another veniremember whom the defendant identifies as "objectionable" and who actually sits on the jury. *Saldano v. State*, 232 S.W.3d 77, 91 (Tex. Crim. App. 2007); *Escamilla v. State*, 143 S.W.3d 814, 821 (Tex. Crim. App. 2004); *see also Newbury v. State*, 135 S.W.3d 22, 30-31 (Tex. Crim. App. 2004); *Johnson v. State*, 43 S.W.3d 1, 5-6 (Tex. Crim. App. 2001); *Wolfe v. State*, 178 S.W.2d 274, 281 (Tex. Crim. App. 1944) (op. on reh'g). Once these circumstances are demonstrated on the record, harm is shown. Because the defendant had to use a peremptory challenge to remove a veniremember who should have been removed for cause, the effect is that the defendant is wrongfully deprived of one of his statutory peremptory challenges. *See Saldano*, 232 S.W.3d at 91; *Escamilla*, 143 S.W.3d at 821; *Newbury*, 135 S.W.3d at 31; *Johnson*, 43 S.W.3d at 6; *Wolfe*, 178 S.W.2d at 281.

Appellant has satisfied the second and third requirements to show harm because the defendant used her last statutorily allotted peremptory challenge on Bauman and was denied the additional peremptory challenge necessary to prevent another "objectionable" juror, Martin, from sitting on the jury during her trial. The issue then is whether the trial court erroneously failed to excuse Bauman for cause.

To determine if a prospective juror should be excused for cause due to a bias or prejudice against the law applicable to the case upon which the defendant is entitled to rely, "the test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law." *Threadgill*, 146 S.W.3d at 667; *Feldman*, 71 S.W.3d at 744. Before a prospective juror can be excused for cause on this basis, however,

the law must be explained to the juror and the juror must be asked whether he can follow that law regardless of his personal views. *Threadgill*, 146 S.W.3d at 667. The burden is on the proponent of a challenge for cause to establish his challenge is proper. *Feldman*, 71 S.W.3d at 747. To meet this burden, the proponent must show that the prospective juror understood the law's requirement but could not overcome his prejudice well enough to follow it. *Id.*

Appellant claims that the record shows that Bauman "never wavered in his contention" that he would hold the State to prove guilt by clear and convincing evidence because he considered that to be equal to proof beyond a reasonable doubt. The trial court disagreed, however, and found Bauman was not holding the State to a lower standard, but was "raising clear and convincing evidence to beyond a reasonable doubt." Reviewing the record, we cannot say that Bauman gave a clearly objectionable declaration that he would not require the State to prove its case beyond a reasonable doubt. The record shows that Bauman's statements were at best those of a vacillating or equivocal veniremember. In this light, the Court must defer to the discretion of the trial judge. *See Swearingen*, 101 S.W.3d at 99.

Appellant contends that defendants have the right to have jurors understand that there are three separate standards of proof and, by allowing a veniremember who blends the standards of proof together to sit on a jury, the court creates the risk of allowing a defendant to be convicted on the basis of clear and convincing evidence. The defendant is entitled to question prospective jurors on any matter which will be an issue at trial, including their understanding of "reasonable doubt." *See Dinkins v. State*, 894 S.W.2d 330, 344 (Tex. Crim. App. 1995). However, there is no statutory definition of "reasonable doubt" to use as a reference. *See Rodriguez v. State*, 96 S.W.3d 398, 400-

5

01 (Tex. App.—Austin 2002, pet. ref'd). In 1991, the court of criminal appeals adopted a mandatory definition of reasonable doubt, but abandoned it less than a decade later. *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (specifically overruling that part of *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), requiring "beyond a reasonable doubt" definition). After *Paulson*, it is not reversible error to define reasonable doubt for the jury, but "the better practice is to give no definition of reasonable doubt at all to the jury." *See id.*; *Rodriguez*, 96 S.W.3d at 403-04. Both before *Geesa* and after *Paulson*, Texas courts have held that the jury is as competent as the courts to determine what is reasonable doubt. *Paulson*, 28 S.W.3d at 571; *Abram v. State*, 35 S.W. 389, 390 (Tex. Crim. App. 1896) (reasonable doubt charge is "an all-sufficient charge"). A veniremember need not understand that there are three separate standards of proof in order to hold the State to the burden of beyond a reasonable doubt. Because we conclude the trial court acted within its discretion in denying appellant's request to excuse Bauman, we overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's issue, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 16, 2008

Do Not Publish