Dee Kerley v. The State.

No. 6181.　Decided April 20, 1921.

1.—Rape—Indictment—Negative Averments—Consent—Chastity.

It is not necessary that an indictment charging rape upon a girl under eighteen years of age alleges her previous chastity, or refers to the matter of consent.

2.—Same—Peremptory Challenges—Felony—Capital Case—Special Venire.

In a capital case the statute allows the State and the accused each fifteen peremptory challenges, and where the trial court in a case of rape refused to allow the defendant his fifteen peremptory challenges, the same was reversible error, although the State's attorney had stated in the beginning that he would not insist upon the death penalty, and although no special venire was demanded by the defendant.

3.—Same—Objectionable Juror—Statutes Construed—Practice in Trial Court.

The term "objectionable juror" as found in our decisions has no reference to instances in which there is a denial of the right of peremptory challenges, Following Hudson v. State, 28 Texas Crim. Rep., 323, and other cases. A peremptory challenge is intended to eliminate any juror who is objectionable or undesirable to the defendant, and no reason need be assigned, and where defendant was forced to go to trial before jurors who were objectionable to him, and whom he could have challenged peremptorily if the proper number of challenges had been allowed him, the same is reversible error.

Appeal from the District Court of Comanche.　Tried below before the Honorable J. H. Arnold.

Appeal from a conviction of rape; penalty, five years confinement in the penitentiary.

The opinion states the case.

*Smith & Woodruff,* for appellant.—Cited 24 Cyc., Pages 356-358; 16 R. C. L., Section 65, Page 247.

*C. M. Cureton,* Attorney General, and *C. L., Stone,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for rape; punishment fixed at confinement in the penitentiary for a period of five years.

It is not necessary that an indictment charging rape upon a girl under eighteen years of age allege her previous chastity or to refer to the matter of consent.　The punishment for rape is confinement in

the penitentiary or death; and in capital cases the statute allows to the State and to the accused each fifteen peremptory challenges. In felonies less than capital but ten such challenges are allowed. In this instance the appellant demanded fifteen and the court refused to allow him more than ten. He did not demand a special venire, and the prosecuting attorney expressly stated that he would not insist upon the death penalty. This statement was noted on the docket, and in fact, the prosecution did not urge the jury to inflict capital punishment.

The appellant, we think, justly insists that rape was made a capital offense by the law-making power of the State, and that its classification as such cannot be changed by any declaration that the prosecuting attorney may make. Our statute says: "An offense for which the highest penalty is death is a capital felony." Penal Code, Article 56. It is required by statute that the Legislature, (in whom is vested the authority to make laws,) shall "define in plain language every offense against the law and affix for each offense its proper punishment." Penal Code, Article I. There are capital cases in which the indictment includes lower grades of crime. Doubtless, in such cases the discretion rests with the prosecuting authorities and the trial judge to dismiss the prosecution so far as it relates to higher grade and thereby render the offense charged less than capital. Gonzales v. State, 88 Texas Crim. Rep., 248, 226 S. W. Rep., 405.

In the case before us there was no effort to dismiss the charge of rape and prosecute for assault with intent to rape. The conviction is for rape. The court correctly instructed the jury that if they found the appellant guilty they should "assess his punishment at death or confinement in the penitentiary for life or any term of years not less than five." It was proper to so charge because the character of the case for the purpose of selecting a jury was fixed by the indictment and not by the verdict that might be rendered. Caesar v. State, 127 Ga., 713; Ex parte McCrary, 22 Ala., 65; Ex parte Dusenberry, 97 Mo., 504, 11 S. W. Rep., 217.

To determine whether the accused in a capital case is guilty and to assess his punishment, the Legislature has prescribed the procedure to be followed in the selection and formation of the jury. The option to exercise fifteen peremptory challenges in a capital case is given by law to the accused. Code of Crim. Procedure, Art. 691. His right to a fair trial is denied him when the privilege of exercising these challenges is arbitrarily taken from him. Ruling Case Law, Vol. 16, Page 253; Searle v. Roman Catholic Bishop, 203 Mass., 493; 25 L. R. A., New Series, 992; Lewis v. United States, 146 U. S. Rep., 370; State v. Briggs, 27 S. C., 80; Schumaker v. State, 5 Wis., 324; Lamb v. State, 36 Wis., 424; Cruce v. State, 59 Ga., 83; Cyc. of Law & Procedure, Vol. 24, page 351.

At the beginning of the trial the right to challenge more than ten jurors was assumed and appellant challenged twelve. Discovering this the court required the reinstatement of two of these jurors because

the appellant's right to peremptory challenges was exhausted by the use of ten. The jury was incomplete and talesmen were called. Three of these he desired to challenge peremptory but by the ruling of the cou1. he was made, against his will, to submit his case to five jurors whom he sought to challenge and whom, had the right, according to the statute, been recognized, he could have stood aside upon his peremptory challenge. It was unnecessary to show that these five jurors were disqualified. The term "objectionable juror," as found in our decisions, has no reference to instances in which there is a denial of the right of peremptory challenges. Hudson v. State, 28 Texas Crim. App., 323; Connell v. State, 45 Texas Crim. Rep., 152; Branch's Ann. Tex. Penal, Sec. 541.

As related to a peremptory challenge, a juror is "objectionable" whom the accused on trial, desiring to eliminate, makes known his wish in a timely and order'y manner. A peremptory challenge is, in our statute, defined as "a challenge made to a juror without assigning any reason therefor." Code of Crim. Procedure, Art. 609. It is the privilege of accused to exclude from jury service one whom, in his judgment, is unacceptable to him. Thompson on Trials, Vol. I, Sec. 43. In conferring it the law gives effect to the natural impulse to eliminate from the jury list not only persons who are rendered incompetent for some of the disqualifying causes named in the statute but persons who, by reason of politics, religion, environment, association or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted. In other words, the law fixes the number of challenges and confers upon the accused the right to arbitrarily exercise them. This right having been denied the appellant in the instant case, he having exercised all of the challenges the court would permit him to use, and having been forced to try his case before jurors who were objectionable and whom he sought to challenge peremptorily, the verdict of conviction rendered by the jury so selected cannot, we think, with due respect to the law, be held to reflect the result of a fair trial by an impartial jury, which it is the design of our law shall be given to those accused of crime.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*