

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1440-13

**FARRAIN JOSEPH COMEAUX, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## JEFFERSON COUNTY

COCHRAN, J., delivered the opinion of the unanimous Court. JOHNSON, J., filed a concurring opinion in which HERVEY, J., joined.

## O P I N I O N

This is a case of first impression in Texas. A jury convicted appellant of burglary of a habitation and sentenced him to fifty years' imprisonment. Appellant appealed his conviction, arguing that the trial judge erred when he denied a challenge for cause to a potential juror. The Beaumont Court of Appeals affirmed, holding that appellant failed to preserve error on the challenge for cause because, although he exhausted his peremptory strikes and identified an objectionable juror, he used a peremptory strike on a potential juror

outside of the "strike zone," and thus suffered no detriment.[1]

We granted review to determine if a defendant, while using all of his peremptory strikes "wastes" one on a venireperson who is not in the "strike zone," has preserved his claim of an erroneous denial of a challenge for cause for appellate review.[2] The issue, however, is one of harm, not preservation.[3] We hold that appellant failed to show harm because he could have, but chose not to, strike the objectionable juror.

## I.

Appellant was charged with burglary of a habitation in an indictment that included eight enhancement paragraphs. During voir dire, potential juror number 23 (PJ 23) expressed some concern about his ability to be fair because he had been the victim of a prior burglary and had strong feelings about the subject. After both sides spoke with the venire panel, the trial judge requested that PJ 23 stay for additional questioning. In response to the prosecutor's asking if he already thought Comeaux was guilty, PJ 23 stated, "I just don't feel I can be fair." Appellant moved to strike PJ 23 for cause. The trial judge then asked the following:

---

[1] *Comeaux v. State*, 413 S.W.3d 176, 183-84 (Tex. App.–Beaumont 2013).

[2] Appellant's ground for review reads: "The court of appeals erred in holding Comeaux's complaint that the trial court refused his request for an additional strike resulting in an objectionable juror being seated on the jury was not preserved for purposes of appellate review."

[3] *See Johnson v. State*, 43 S.W.3d 1, 6 (Tex. Crim. App. 2001) ("In the past we have confused preservation of error and harm issues within the context of an erroneous denial of a challenge for cause"; noting that the steps that courts had sometimes called necessary for preservation are really to show harm).

Judge:          Here's what it all boils down to: Are you going to let that experience cause you to violate the law and write down false answers?

PJ 23:          I'm not trying to violate the law. It will be in the back of my mind.
                ...

Judge:          But the bottom line to it is, I know you've had bad experiences. Other jurors have had bad experiences. You don't have to leave that outside. That's stuff that you can take in there and you can consider all that. But at the end of the day, you can't help her do her job, and you can't punish this man if she doesn't do her job. So my question again: Can you follow the law and render a fair and impartial verdict, or are you going to violate the law, are you going to violate your oath as a juror and go against this man just because you've been a victim in the past?

PJ 23:          No. I can do what's right.

Following this dialogue, appellant used all ten of his peremptory strikes, including a peremptory strike on PJ 23. He then asked for an additional strike, which the trial judge denied. Appellant stated on the record that he would have used the additional strike on potential juror number 27 (PJ 27). Although appellant did not use a peremptory strike on PJ 27, he did use a peremptory strike on PJ 34, who was not within the "strike zone," the group of potential jurors who could actually sit on the jury. PJ 27, however, did serve on the jury, which convicted appellant of burglary, found the enhancement paragraphs true, and sentenced him to 50 years in prison.

On appeal, appellant claimed that the trial judge erred by denying his challenge for cause on PJ 23. The court of appeals agreed, stating:

When we consider the record and PJ 23's answers as a whole, we conclude

that PJ 23 did not represent to the court that he could honestly make a decision in the case based on the evidence and facts of the case alone, that he would commit to putting aside his prior experience if chosen to serve on the jury, or that he would disregard his prior experience and follow the trial court's instructions to do so. Because bias was established, and the juror was not rehabilitated, we conclude the trial court erred by failing to grant Comeaux's motion to strike.[4]

Though it found that the judge erred, the court of appeals held that appellant failed to preserve error because defendants who do not use all of their peremptory strikes and defendants who allow objectionable jurors to remain on the jury because they employ strikes outside the strike zone should be treated the same for error preservation.[5] As the court explained, "In both situations, the potential juror the party is complaining about on appeal is a potential juror that the party could have chosen to remove from the panel without diminishing the relative strength of the peremptory challenges allocated to the defendant by statute."[6]

We granted review because this issue has never before been addressed by Texas courts and is likely to recur.

---

[4] *Comeaux,* 413 S.W.3d at 183-84 (citation omitted).

[5] *Id.* at 184.  As noted above, the issue is really one of harm, not preservation.

[6] *Id.*

## II.

**A.    The Five Steps to Show Harm on a Challenge for Cause**.

A defendant may challenge a potential juror for cause if he is biased or prejudiced against the defendant or the law on which the State or defendant is entitled to rely.[7] A trial judge must excuse the juror if bias or prejudice would impair the juror's ability to carry out his oath and instructions in accordance with the law.[8] Before the judge excuses the prospective juror, the law must be explained to him and the challenger must show that the potential juror understood the law and still could not overcome his prejudice.[9] To establish harm for an erroneous denial of a challenge for cause, the defendant must show on the record that "(1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury."[10]

**B.    The Purpose of The Five Steps: the Wrongfully Taken Peremptory Strike.**

The purpose of the five steps on a challenge for cause is to demonstrate that the defendant suffered a detriment from the loss of a peremptory strike; this error actually

---

[7] *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009).

[8] *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).

[9] *Gardner*, 306 S.W.3d at 295.

[10] *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010).

harmed the defendant.[11]  Peremptory strikes are given to each side to use as they see fit.  The

defendant may strike any member of the venire panel for any reason (except a prohibited

reason such as race or sex) or no reason at all:

> It is the privilege of accused to exclude from jury service one [who], in his judgment, is unacceptable to him. In conferring it, the law gives effect to the natural impulse to eliminate from the jury list not only persons who are rendered incompetent for some of the disqualifying causes named in the statute, but persons who, by reason of politics, religion, environment, association, or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted. In other words, the law fixes the number of challenges and confers upon the accused the right to arbitrarily exercise them.[12]

When the trial judge denies a valid challenge for cause, forcing the defendant to use a

peremptory strike on a panel member who should have been removed, the defendant is

harmed if he would have used that peremptory strike on another objectionable juror.[13]

---

[11] *See Feldman*, 71 S.W.3d at 744 (holding that the detriment from an erroneous denial of a challenge for cause is that the defendant was forced to take an identified objectionable juror whom he would have struck had the trial court granted his challenge for cause or granted him additional peremptory strikes); *see also Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011) (noting that the issue is whether an erroneous ruling on a challenge for cause "effectively depriv[ed]" defendant of "statutorily allotted peremptory challenges"); *Johnson v. State*, 43 S.W.3d 1, 11 (Tex. Crim. App. 2001) ("harm is shown by the fact that '[i]t was a peremptory challenge which was wrongfully taken from [the defendant]'") (Johnson, J., concurring) (quoting *Wolfe v. State*, 178 S.W.2d 274, 280-81 (Tex. Crim. App. 1944)).

[12] *Kerley v. State*, 230 S.W. 163, 164-65 (Tex. Crim. App. 1921) (citation omitted).

[13] *See Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993); *Kerley*, 230 S.W. at 165 ("This [peremptory challenge] right having been denied the appellant in the instant case, he having exercised all of the challenges the court would permit him to use, and having been forced to try his case before jurors who were objectionable and whom he sought to challenge peremptorily, the verdict of conviction rendered by the jury so selected cannot, we think, with due respect to the law,

The first step requires the defendant to establish that he made a "clear and specific" challenge for cause" against a panel member. This ensures that the defendant alerts the trial judge to the complaint at a time and in a manner in which it could be addressed.[14] Then, the defendant must use a peremptory challenge on the complained-of member and exhaust all remaining peremptory challenges.[15] If the defendant does not exhaust his peremptory strikes, then the trial judge's erroneous denial has not harmed the defendant because he was not stripped of the right to dismiss an "obnoxious" juror.[16] The defendant must then ask for an additional strike so that the judge is given the opportunity to correct his error by granting an additional peremptory strike to make up for the one that was wrongly denied.[17] Finally, the defendant must identify on the record the objectionable juror whom he would have removed with the additional strike, but he is not required to explain why that juror is objectionable.[18]

---

be held to reflect the result of a fair trial by an impartial jury, which it is the design of our law shall be given to those accused of crime.").

[14] *Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004); *see, e.g., Davis v. State*, No. 12-05-00184-CR, 2006 WL 1791654, at *3 (Tex. App.–Tyler June 30, 2006, no pet.) (not designated for publication) (holding that a challenge was not clear and specific when the defendant's cryptic complaint about a juror was that he "'came back with the same answer 1 and 5'").

[15] *Coleman v. State*, 881 S.W.2d 344, 355 (Tex. Crim. App. 1994).

[16] *See Pogue v. State*, 553 S.W.2d 368, 370 (Tex. Crim. App. 1977).

[17] *Payton v. State,* 572 S.W.2d 677, 680 (Tex. Crim. App. 1978), *overruled on other grounds by Jones v. State*, 982 S.W.2d 386 (Tex. Crim. App. 1998).

[18] *Wolfe v. State,* 178 S.W.2d 274, 278 (Tex. Crim. App. 1944) ("It is a right to arbitrarily eliminate from the jury . . . without assigning any reason therefor.") (Beauchamp, J., dissenting). In its brief, the State suggests that the trial judge did not err because appellant did not indicate any reason for objecting to PJ 27: "Appellant does not develop the record as to why he found [PJ 27] objectionable, but simply states he wanted to use a strike against him." State's Brief at 4. We reject

By complying with these steps, the defendant shows that he actually needed the peremptory strike that he was forced to use on a biased juror. The steps to preserve error and establish harm are intended to allow the trial judge every opportunity to correct error and to allow the defendant to demonstrate that he did not have the benefit of using his peremptory challenges in the way that he desired.[19]

### III.

Here, the question is whether appellant "suffered a detriment" by the trial judge's denial of his challenge for cause against PJ 23. If appellant did not use all of his peremptory strikes, then he obviously has not suffered any detriment–he could have struck the objectionable juror, but he chose not to.

Appellant did facially "check the boxes," but he suffered no detriment. Appellant made a challenge for cause to PJ 23, but the trial judge denied it. He then used a peremptory strike on that juror. He exhausted all of his peremptory strikes. The trial judge denied his request for additional peremptory strikes, and appellant identified an objectionable juror who sat on the jury. At first blush, it looks as though appellant should prevail on his claim. However, the problem is that it was entirely appellant's fault that an objectionable juror sat on the jury. He could have used a peremptory strike against PJ 27, the objectionable juror, but he chose not to. Instead, he skipped over PJ 27 and struck a later panel member who was

---

the State's suggestion that appellant had to articulate a specific reason for naming a particular objectionable juror. He did not want him on the jury; that is a good enough reason.

[19] *See Johnson*, 43 S.W.3d at 6.

not even within the strike zone of potential jurors.

The venire panel in appellant's case consisted of thirty-six potential jurors, and the trial court did not grant any challenges for cause. Therefore, with twelve panel members on the final jury, plus ten strikes for the State and ten strikes for appellant, a total of 32 jurors were within the "strike zone," the group of potential jurors capable of being on the jury.[20] The State struck jurors 3, 8, 10, 13, 14, 16, 18, 19, 20, and 21. Appellant struck jurors 2, 5, 10, 13, 20, 23, 24, 26, 31, and 34. Appellant skipped over PJ 27, the juror for whom he wanted an additional peremptory strike, and struck two jurors further down the line. First, appellant struck potential juror 31, who was within the strike zone. Then, appellant struck potential juror 34, who was not within the strike zone. PJ 34 could never have made it onto the jury. By striking PJ 34, appellant essentially wasted a strike. He threw away a peremptory challenge that could have been used against PJ 27, whom he actually complained about. This "wasted strike" is, as the court of appeals held, tantamount to failing to exhaust all remaining peremptory strikes.[21] Even if the trial judge erroneously denied appellant's

---

[20] This assumes that neither side struck the same panel member. Here, the State and appellant both struck potential jurors 10, 13, and 20. Because each side struck three of the same jurors, the strike zone was actually reduced to 29 jurors, but the parties did not know that at the time they made their strikes.

[21] Though it appears that courts in other states have not addressed this exact issue, several out-of-state decisions support our holding. *See People v. Durrant*, 116 Cal. 179, 196 (1897) (rejecting defendant's claimed error on a challenge for cause and stating, "The defendant may not have reviewed an error which he has invited or failed to avoid by the legal means at his command."); *see also Merritt v. Evansville-Vanderburgh Sch. Corp.*, 765 N.E.2d 1232, 1236-38 (Ind. 2002) ("It is sound policy to require litigants to help themselves by using their peremptory challenges to ensure an impartial jury. Permitting them to seek a new trial when they had a remedial tool available but chose not to use it could lead to harsh results"; rejecting plaintiff's claim that trial judge allowed

challenge for cause to PJ 23, appellant did not show harm because the judge's ruling did not force him to waste a peremptory strike. Appellant could have, but chose not to, strike PJ 27. Had appellant used a peremptory strike against PJ 27, neither PJ 27 nor PJ 34 would have served on the jury.

In sum, we conclude that a defendant who chooses to employ peremptory strikes outside of the strike zone may not then complain about harm concerning a juror within the strike zone who could have been removed instead. We affirm the judgment of the court of appeals.

Delivered: October 15, 2014
Publish

---

biased jurors to serve, and noting that she could have peremptorily struck the challenged jurors and then identified two others who were also objectionable to her).