# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00066-CR

**Roger Alexander Conant, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-14-213580, HONORABLE JOHN LIPSCOMBE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Roger Alexander Conant was found guilty by a jury of misdemeanor driving while intoxicated. *See* Tex. Penal Code § 49.04. The trial court assessed his punishment at confinement for four days. In one issue, appellant contends that the trial court erred in overruling a defense challenge for cause to a prospective juror. For the following reasons, we affirm the judgment.[1]

## BACKGROUND

Appellant was arrested in August 2014 for misdemeanor driving while intoxicated. The jury trial occurred in June 2016. During her voir dire examination, the prosecutor asked the

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

prospective jurors how they felt about DWI laws in Texas in general. The first venireperson to respond "guess[ed]" that they were "a little lax," elaborating about repeat offenders. After two other venirepersons similarly responded to the question, prospective juror number 6 (PJ 6), who is the subject of this appeal, had the following exchange with the prosecutor:

> [Prosecutor]: [PJ 6], how do you feel about—what you know—and we're about to get into what the law is. And I'm going to tell you all sorts of stuff that you probably never knew you would know, but how do you feel about—as far as what you know about DWI laws in Texas?
>
> [PJ 6]: Although I'm not well informed, from what I know either through media or, you know—um—I—I mean, I don't know what—necessarily, you know, first time—what the conviction rates are or, you know, what does a first-time felony or conviction get you.
>
> [Prosecutor]: Uh-huh.
>
> [PJ 6]: But I guess even—even with—I guess there's just no opportunity for—for that person to get out on the road despite what convictions are in place—um—you know, revocation of driver's license or if there's monitors put on the vehicle. Um—just from—um—my work experience I've—I've known just people tend to go around—around about the system.

The prosecutor followed up with a question to PJ 6 about her work experience, and she responded that she was a "neonatal ICU social worker at the children's hospital." During his voir dire examination, defense counsel did not specifically direct any questions to PJ 6.

During the challenges for cause, defense counsel raised concerns about PJ 6 in the following exchange with the trial court and the prosecutor:

2

| | |
|---|---|
| [Defense Counsel]: | [PJ 6] said something to the effect that DWI or repeat offenders that are in the system and—and, you know, that—and she thinks the laws are too lax. |
| [The Court]: | Okay. You haven't told me anything yet. |
| [Defense Counsel]: | Well, that's, you know, what—that's what she said. |
| [The Court]: | But, you know— |
| [Defense Counsel]: | I'm not trying— |
| [The Court]: | No, but— |
| [Prosecutor]: | Judge, there's nothing obj—I mean, those are her opinions. There's nothing that would be a reason to strike her for cause. That she has opinions—we all have opinions. |
| [The Court]: | That's exactly right. Okay. I'll ask her the question. Out of an over abundance of caution. |

After PJ 6 was brought to the bench, she had the following exchange with the trial court and defense counsel:

| | |
|---|---|
| [The Court]: | Hi. Okay. The questions were—one thing was that—that you seem to think that DWI laws were too—too lax, too free and easy. |
| [PJ 6]: | Yes. |
| [The Court]: | Okay. You're entitled to your opinion, but the question is, would that cause you to have a bias or prejudice in any DWI case because the law is the law? |
| [PJ 6]: | Correct. And—and I was, you know, through the questioning, you know, I was thinking about it. And I think—because being a mandated reporter for the state, you know, working with our—children in the hospital and drug testing and—and |

3

|  |  |
|---|---|
|  | so I think there's a lot of—there is some prejudice there based on my work. |
| [The Court]: | Okay. |
| [PJ 6]: | Um—and also, you know, when it came to the validity of testing, you know, in this case. You know, intox—uh—alcohol. You know, to a degree I understand the fallacy that—that come with testing but—um—again, as a mandated reporter, I have to believe in the validity of what I'm reporting to the—to the state. |
| [The Court]: | Okay. |
| [PJ 6]: | Regarding, you know, abuse, neglect, drug use and things of that sort. |
| [The Court]: | Okay. I appreciate it. Does anybody have any questions? |
| [Defense Counsel]: | Would those feelings that you just discussed, or any feelings at all, affect your ability to come up with a verdict in this case? |
| [PJ 6]: | I think it might impact, you know, the whole question of doubt. Or, you know, whether—you know, I—there's a sense of doubt created. |
| [The Court]: | Okay. Thank you, ma'am. I appreciate it. |
|  | Counsel, once they indicate bias, you can't rehabilitate, no more. [sic] You know, just—okay. So you're going to renew your objection? |
| [Defense Counsel]: | Uh—yes. |
| [The Court]: | I'm going to overrule that. |

The record reflects that defense counsel later requested an additional peremptory strike, stating: "for the record, [he was] forced to—to ask again that [PJ 6] be challenged for cause.

4

And if you're not going to do that—you're not going to reconsider—well, then we would request an additional peremptory." The trial court responded that he had "overruled" defense counsel's objection and then he denied appellant's request for an additional peremptory strike. The record reflects that defense counsel used a peremptory strike on PJ 6 and identified potential juror no. 15 as the potential juror that the defense would have struck. After the jury was empaneled, defense counsel also stated on the record that "if we had not been forced to use a strike to remove [PJ 6], then we would have used it to remove Juror No. 5, who is actually on the jury."

Following the jury verdict of guilty, the trial court sentenced appellant to confinement of four days. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## ANALYSIS

In one issue, appellant argues that the trial court erred in overruling the defense challenge for cause to PJ 6 because she was biased as a matter of law and should have been automatically excluded. According to appellant, PJ 6 "admitted that because of her views on the DWI laws she would be biased in *any* DWI case" and that "[s]he also implied that because of her work, she would be inclined to believe that DWI testing was valid, despite any 'fallacy' in the testing shown by the defense." Appellant further argues that the trial court "ruled that she had indeed shown bias, but then unaccountably overruled the challenge for cause."

Article 35.16 of the Texas Code of Criminal Procedure allows a challenge for cause when "the juror has a bias or prejudice in favor of or against the defendant." Tex. Code Crim. Proc. art. 35.16(a)(9); *see also Anderson v. State*, 633 S.W.2d 851, 853–54 (Tex. Crim. App. 1982)

5

(explaining that juror is biased when juror's inclination toward one side of issue leads to natural inference that juror will not act with impartiality and providing examples of when bias exists as matter of law). The defense may also challenge a juror for cause when the juror "has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment thereof." *See* Tex. Code Crim. Proc. art. 35.16(c)(2).

As an initial matter, the State contends that appellant did not preserve his issue for appellant review. "To preserve error on denied challenges for cause, an appellant must demonstrate on the record that: 1) he asserted a clear and specific challenge for cause; 2) he used a peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied; and 5) an objectionable juror sat on the jury." *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). The State contends that appellant did not preserve his issue for appeal because he did not assert a clear and specific challenge for cause, "much less the bases he asserts now on appeal." Based on our review of the record, however, we conclude that appellant preserved his issue to the extent that he challenges the trial court's denial of defense's challenge for cause on the ground that PJ 6 was biased against the applicable law and turn to the substance of this complaint. *See id.*; *see also Gardner v. State*, 306 S.W.3d 274, 300 (Tex. Crim. App. 2009) (requiring description of "specific challenge for cause" to preserve issue for appellate review concerning venire member).

"When reviewing a trial court's decision to deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the ruling." *Davis v. State*,

329 S.W.3d 798, 807 (Tex. Crim. App. 2010) (citing *Feldman*, 71 S.W.3d at 744); *see Buntion v. State*, 482 S.W.3d 58, 84 (Tex. Crim. App. 2016) (explaining that appellate court "examine[s] the voir dire of the prospective juror as a whole" when reviewing trial court's decision concerning challenge for cause). "The test is whether a bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law." *Davis*, 329 S.W.3d at 807 (citing *Gardner*, 306 S.W.3d at 295). "Before venire members may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views." *Id.* The party seeking to have the prospective juror struck does not meet his burden of establishing that the challenge is proper "until he has shown that the venire member understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law." *Id.*; *see also Comeaux v. State*, 445 S.W.3d 745, 749 (Tex. Crim. App. 2014) ("Before the judge excuses the prospective juror, the law must be explained to him and the challenger must show that the potential juror understood the law and still could not overcome his prejudice.").

"The standard of review on appeal is whether the trial court abused its discretion when it overruled a challenge for cause." *Buntion*, 482 S.W.3d at 84 (citing *Davis*, 329 S.W.3d at 807); *see Blue v. State*, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003) (explaining that appellate court reviews trial court's ruling on challenge for cause "with considerable deference" and that appellate court will reverse ruling "only if a clear abuse of discretion is evident"). "We afford great deference to the trial court's decision because the trial judge is present to observe the demeanor of prospective jurors and to listen to tones of voice." *Buntion*, 482 S.W.3d at 84 (citing *Davis*, 329 S.W.3d at 807);

7

*see King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000) (explaining that "considerable deference is given to the trial court because it is in the best position to evaluate the venireman's demeanor and responses"). Further, "[p]articular deference is due when the prospective juror's answers are vacillating, unclear, or contradictory." *Buntion*, 482 S.W.3d at 84; *see King*, 29 S.W.3d at 568 ("When the potential juror's answers are vacillating, unclear or contradictory, particular deference is accorded to the trial court's decision.").

Based on our review of the voir dire examination of PJ 6, we cannot conclude that the trial court abused its discretion in denying defense's challenge for cause. During her examination of PJ 6, the prosecutor only asked her a general question about "DWI laws in Texas," defense counsel did not specifically direct any questions to PJ 6, and PJ 6 did not respond to questions that were generally directed to the prospective jurors about following the law.[2] When PJ 6 was brought to the bench on defense's challenge for cause, she answered "Yes" when asked by the trial court if she thought that "DWI laws were too—too lax, too free and easy," but the jury's role was limited to determining if appellant had committed DWI. Defense counsel did not ask PJ 6 about her understanding of the applicable law to this case or if she could follow that law, regardless of her own personal views. *See Comeaux*, 445 S.W.3d at 749; *Davis*, 329 S.W.3d at 807.

Further, we accord particular deference to the trial court here because PJ 6's answers were unclear and, at times, contradictory concerning her alleged opinions. *See King*, 29 S.W.3d at 568; *see also Rachal v. State*, 917 S.W.2d 799, 810 (Tex. Crim. App. 1996) (explaining that trial

---

[2] For example, after explaining the necessity defense, defense counsel asked the prospective jurors if "anyone here would have trouble following that rule?" Other general questions included if anyone: (i) would hold it against a defendant for remaining silent, (ii) thought the prosecutor starts out ahead, or (iii) "believe[d] blood alcohol testing [was] 100% accurate all the time, infallible?"

8

court's "superior point of view is particularly important and deserving of our deference" when potential juror's statements are unclear). For example, when asked by the trial court if her opinions would cause her to have bias or prejudice in "any DWI case because the law is the law," she answered "[c]orrect" and then brought up her role as a "mandated reporter for the state," expressing "some prejudice there based on my work" and that she had "to believe in the validity of what [she] was] reporting to the—to the state . . . [r]egarding, you know, abuse, neglect, drug use and things of that sort." Defense counsel's only follow-up question to PJ 6 was whether her "feelings that [she] just discussed, or any feelings at all" would "affect [her] ability to come up with a verdict in this case," and she answered that she "[thought] it might, impact, you know, the whole question of doubt. Or you know, whether—you know, I—there's a sense of doubt created."

Because we cannot conclude that the trial court abused its discretion in overruling defense counsel's challenge for cause based on bias against the applicable law, we overrule appellant's issue.

## CONCLUSION

Having overruled appellant's issue, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:  June 13, 2018

Do Not Publish