

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00423-CR

———————————————————

RICHARD ALAN HINCEY, Appellant

V.

THE STATE OF TEXAS

———————————————————————————————

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1617121R

———————————————————————————————

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Richard Alan Hincey appeals his convictions for one count of continuous sexual abuse of a child younger than fourteen and two counts of indecency with a child by exposure. In one issue, Hincey argues that the trial court reversibly erred by denying his "several challenges for cause all based on the same legal issue—the inability of each venireperson to be able to consider the full range of punishment." We affirm.

## II. BACKGROUND

### A. Allegations and Arrest

In September 2018, Larry[1] was roughly twelve years old and lived with his mother, older brother, and Hincey in Hincey's Fort Worth home. During a September 30, 2018 phone conversation, Larry told Hincey's biological daughter, Ashley, that Hincey had been sexually abusing him. Ashley immediately drove to Hincey's house to speak with Larry in person, and Larry disclosed details about the sexual abuse. At the time, Hincey was out of state for work.

Mother came home a few hours later, and Larry began to disclose even more details about the abuse to both Mother and Ashley. During this conversation, Hincey

---

[1]Because the complainant in this case was a minor at the time the offenses charged were committed, we use aliases when possible throughout this opinion to protect his identity. *See* Tex. R. App. P. 9.10(a)(3); 2nd Tex. App. (Fort Worth) Loc. R. 7.

called Mother's cellphone about an unrelated matter, and Mother confronted Hincey about the sexual abuse. Hincey admitted to Mother that he had performed oral sex on Larry. Moments later, Hincey spoke with Ashley—who was still at Hincey's house with Larry, Mother, and Ashley's partner—and acknowledged that he had been sexually abusing Larry for at least four months. Ashley's partner videotaped the conversation between Hincey and Ashley.

Later, Detective Benjamin Jones of the Crimes Against Children Unit of the Fort Worth Police Department was assigned to this case. After reviewing the evidence of this and a previous outcry by Larry against Hincey in 2016,[2] Jones sought and obtained an arrest warrant for Hincey for the charge of continuous sexual abuse of a young child. The State eventually charged Hincey with one count of continuous sexual abuse against a child, two counts of aggravated sexual assault, two counts of indecency with a child by contact, and two counts of indecency with a child by exposure. The State's indictment also included two sexual-offender enhancement paragraphs alleging two prior felony convictions for indecency with a child.

## B. Voir Dire

Hincey elected to have these charges heard before a jury. During defense counsel's voir dire, he asked several prospective jurors whether they could consider "the low end of punishment" if there had been a "prior sex case" or a "prior sex

---

[2]According to Mother, "CPS closed their case" on this earlier matter.

offense," referring to the felony offenses described in the State's sexual-offender enhancement paragraphs. Several prospective jurors stated that they could not consider only two years. Later, defense counsel asked whether a prospective juror could consider "five years on the aggravated sexual assault?" The trial court interjected and stated, "Can you clarify your question as to which scenario? You're mixing up scenarios. Or if you're not, you're not explaining the ranges correctly." This conversation then occurred:

> [Defense counsel]: Okay. So we've got three different charges that he's been essentially alleged to have committed. There's three different ranges of punishment.
>
> The continuous is the 25 to life. The aggravated sexual assault is five to 99. It's auto life if he's got a prior. And the two indecency cases, either by exposure, fondling, are going to be two to ten or two to 20. You've got different ranges of punishment.
>
> Could you consider a minimum two-year sentence if there is a prior sex charge on the two lowest charges?
>
> [Prospective juror]: If there's a prior, no.
>
> [Trial court]: And you're going to have to be specific as to what the two lower charges are.

Defense counsel then continued with this line of questioning and seventeen prospective jurors said that they could not consider "the minimum two years" if there had been "a prior sex case." But at least five other prospective jurors stated that they would need to hear all the evidence before making the determination if they could consider only two years. During this questioning, defense counsel would alternate

between charges and the applicable punishment ranges without clearly delineating which charges and punishment ranges he was discussing.

After both defense counsel and the State had finished questioning the venire panel, the trial court entertained challenges for cause. The State expressed that it would object to defense counsel's challenges for cause because defense counsel had "inserted a fact issue." Defense counsel objected, and after some discussion, the trial court told defense counsel, "Well then, you did give them a fact as far as indecent exposure, that it was a sex offense, not just a prior felony offense."

After granting several of the State's and agreed challenges, defense counsel began to make his challenges. When defense counsel specifically challenged prospective juror number 55 because "she could not consider a minimum of two or a five," the trial court stated,

> You know, but she said, "He's been twice, so I couldn't do it." I have no idea what that means, and I don't know what she thinks that you were saying, because that's when I stopped you and said you're mixing two things up. And -- and I couldn't understand which one you were talking about.
>
> So based upon the state of the record, I'm going to deny that challenge because I really don't know what she thought she was answering based on her answer.

Later, the trial court expressed more confusion over defense counsel's line of questioning:

> With respect to the two and the five, that's what really confused me. You were talking about a sex offender notice, and there's never going to

5

be a five if somebody's convicted of a sex offense. So I felt like that was misleading.

And, number two, you injected the fact that it's a sex offense, which makes it neither here nor there for the two on indecent exposure. It would just be the two to 20 no matter what felony it was. And the fact that it's a sex offense is completely irrelevant.

So that's -- that was not a question that was based on the actual bare minimum law. You injected a fact, and so I'm going to deny that challenge.

Shortly after, the trial court said that it appeared that defense counsel was challenging "everyone except for 3, 32, 68, and 77." Defense counsel replied, "Correct. I would like to challenge for cause all those numbers except for those." The trial court responded,

And that is denied based on what the Court just stated, that you are not entitled to seek a challenge for cause because you injected a fact and not just the law and -- into that question about whether the -- they could consider a minimum of two based on a prior sex offense, not based on a prior felony conviction, which is the law. So that is denied.

Then the following exchange happened:

[Defense counsel]: And we'd ask for additional strikes.

[Trial court]: That's denied.

[Defense counsel]: Okay. And we'd obviously ask for a running objection.

[Trial court]: That's denied. I don't even know what that means.

The trial court then granted some of defense counsel's challenges for cause.

## C. The Trial

At trial, Larry testified that during the time of the abuse, Hincey would come into his bedroom at night and touch Larry's penis, make Larry touch Hincey's penis, and Hincey would place his mouth on Larry's penis. Larry said that the abuse lasted for roughly four years. Additionally, both Ashley and Mother testified that Hincey admitted that he had sexually abused Larry. The State also introduced the videos of Ashley's conversation with Hincey that Ashley's partner had taken the night Mother and Ashley confronted Hincey. And for enhancement purposes, the State introduced two prior judgments and sentences for indecency with a child related to Hincey having previously sexually abused his two biological daughters in 2004.

## D. The Jury's Verdict and Sentencing

The jury found Hincey guilty of continuous sexual abuse of a child and two counts of indecency with a child by exposure. The jury assessed punishment at forty-five years' for the continuous sexual abuse and twenty years' each for the two counts of indecency. The trial court rendered judgment accordingly, ordering that the twenty year sentences run consecutively with the forty-five year sentence. This appeal followed.

## III. DISCUSSION

In his sole issue, Hincey argues that the trial court reversibly erred by denying his challenges for cause. The State counters that Hincey has failed to preserve this issue for our review, that the trial court did not abuse its discretion, and that, even if

the trial court erred, Hincey was not harmed by the trial court's decision. We agree with the State.

## A. Preservation

To preserve a complaint about the trial court's denial of a challenge for cause, a party must show that he: (1) used all of his peremptory strikes; (2) asked for and was refused additional peremptory strikes; and (3) was then forced to take an identified, objectionable juror whom the party would not have otherwise accepted had the trial court granted his challenge for cause (or had the trial court granted him an additional peremptory challenge to strike the prospective juror). *Buntion v. State*, 482 S.W.3d 58, 83 (Tex. Crim. App. 2016). Although a defendant need not specify why a particular prospective juror is objectionable, his challenge must at least state which particular prospective juror is objectionable to give the trial judge the opportunity to correct any error. *Fuller v. State*, 827 S.W.2d 919, 924–25 (Tex. Crim. App. 1992). A blanket statement that multiple prospective jurors are objectionable, without designating which prospective jurors, is not sufficient in and of itself to show that any objectionable juror served on the jury. *Moreno v. State*, 587 S.W.2d 405, 412 (Tex. Crim. App. 1979).

Here, Hincey argues that the trial court erred by denying his challenges for cause against prospective jurors that he claims could not consider the minimum punishment for indecency with a child by exposure. But, other than prospective juror number 55, who was not impaneled, Hincey never specified which prospective jurors

8

were objectionable.[3]   Instead, Hincey only agreed with the trial court that he was challenging "everyone except for 3, 32, 68, and 77."  Without the necessary specificity, Hincey failed to preserve his complaint about the trial court's denial of his challenges for cause.  *See Price v. State*, 594 S.W.3d 674, 678 (Tex. App.—Texarkana 2019, no pet.) ("Because Price failed to specifically identify any other veniremembers he wished to strike, the record fails to show that Price was forced to accept an objectional juror. As a result, error is not preserved.").  His failure to preserve the issue for review is sufficient reason to overrule it on appeal.

## B.  No Abuse of Discretion

But even if we assumed that Hincey preserved his complaint for our review as to "everyone except for 3, 32, 68, and 77," he has failed to demonstrate that the trial court abused its discretion by denying his challenges for cause.  A trial court's broad discretion over the jury-selection process will not be disturbed on appeal absent an abuse of that discretion.  *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).  A prospective juror is challengeable for cause if he has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely.  Tex. Code Crim. Proc. Ann. art. 35.16(a)(9); *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009).  Any prospective juror unable to consider the penalty range allowed by law is considered biased or prejudiced.  *Nethery v. State*, 692 S.W.2d 686,

---

[3]Hincey also does not specifically identify in his brief to this court which prospective jurors he found objectionable.

691–92 (Tex. Crim. App. 1985); *Emery v. State*, No. 14-02-00273-CR, 2003 WL 1831500, at \*3 (Tex. App.—Houston [14th Dist.] Apr. 10, 2003, no pet.) (mem. op., not designated for publication). But before a prospective juror may be excused for cause on this basis, the law must be explained to him, and he must be asked whether he can follow that law, regardless of his personal views. *Gardner*, 306 S.W.3d at 295. It is the proponent of a challenge for cause who carries the burden of establishing that the challenge is proper. *Id.* And the proponent does not meet this burden until he has shown that the prospective juror understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *Id.*

Here, in addition to failing to identify which prospective jurors Hincey believed to be biased or prejudiced against considering the correct penalty range of any particular charge, he failed to carry his burden of explaining the law to the venire panel as a whole. Indeed, the trial court repeatedly expressed to Hincey that he was vacillating between charges and leaving it unclear as to what punishment ranges applied to which charges. And even when Hincey appeared to take corrective action after being urged by the trial court to do so, he again alternated between charges and the applicable punishment ranges without any clear delineation as to which charges and punishment ranges he was talking about at any given time. Given Hincey's failure to adequately explain the applicable punishment ranges related to their respective charges, he cannot show that any of the prospective jurors understood the law's requirements and still could not overcome a prejudice well enough to follow the law.

10

*See id.* Therefore, we cannot conclude that the trial court abused its discretion by denying Hincey's sweeping challenges for cause. *Barajas*, 93 S.W.3d at 38.

## C. No Harm

Finally, even if the trial court abused its discretion by denying Hincey's broad challenges for cause, he has not shown how he was harmed by the trial court's alleged error. If an appellate court determines that a trial court erred by denying a defendant's challenges for cause, the appellate court generally considers this type of error a non-constitutional error and conducts a harm analysis under Texas Rule of Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). To establish harm from an erroneous denial of a challenge for cause, a defendant must show on the record that (1) he asserted a clear and specific challenge for cause, (2) he used a peremptory challenge on the complained-of prospective juror, (3) he exhausted his remaining peremptory challenges and requested but was denied additional peremptory strikes, and (4) he identified on the record the objectionable juror he would have removed with the additional strike. *See Comeaux v. State*, 445 S.W.3d 745, 747, 749–50 (Tex. Crim. App. 2014). This procedure allows the defendant to show that he needed the additional peremptory strike that he was forced to use on a biased juror and gives the trial judge an opportunity to correct any error. *See id.* at 750.

Although the record shows that Hincey challenged an array of unspecified (or unidentified) prospective jurors for cause and that Hincey requested but was denied

additional peremptory strikes, the record does not show whether he used a peremptory strike on any of the complained-of prospective jurors or that Hincey identified any objectionable juror on which he would have used an additional peremptory strike. Thus, Hincey cannot show that he was harmed by the trial court's denial of his challenges for cause. *See Daniel v. State*, 485 S.W.3d 24, 34 (Tex. Crim. App. 2016); *see also Stanley v. State*, No. 02-17-00084-CR, 2018 WL 3153542, at *7 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that because the record did not show whether appellant used a peremptory strike on complained-of prospective jurors, appellant was not harmed by the trial court's denial of his challenges for cause).

For all of the above reasons, we overrule Hincey's sole issue on appeal.

## IV. CONCLUSION

Having overruled Hincey's sole issue on appeal, we affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 25, 2021

12