

**NUMBER 13-24-00604-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**JAMES EARNEST BLACKMON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**ON APPEAL FROM THE 415TH DISTRICT COURT
OF PARKER COUNTY, TEXAS**

---

**MEMORANDUM OPINION**

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

A jury convicted appellant James Earnest Blackmon of continuous sexual abuse of a young child, a first-degree felony, and the trial court assessed punishment at forty years' imprisonment. *See* TEX. PENAL CODE § 21.02. By a single issue, Blackmon argues that during voir dire, the trial court abused its discretion when it denied his challenges to four prospective jurors for cause and his request for additional peremptory challenges.

We affirm.[1]

## I.    PERTINENT FACTS

During voir dire, defense counsel asked the venire panel the following: "So you saw aggravated sexual assault, right? And you saw the different ways that it could be proved. Do you remember those . . . . ? Could you consider 5 years under the circumstances if you were to find somebody guilty under that charge that the State put up?"

Twenty-one venirepersons stated they could not, including J.C., M.S., K.H., and C.M.[2] The State disputed whether the question asked by defense counsel was sufficient to support a challenge for cause: "I don't think [defense counsel] asked the right question . . . . I think that the proper question in order to strike somebody for cause should be if the judge instructs you that the law is blank, can you follow it?" Defense counsel agreed to bring the twenty-one venirepersons back in for requestioning and clarification. The trial court stated:

> So I want to assure that we have a jury that complies with the law that will be instructed by the Court in order to assure that due process occurs in this case.
>
> So here's the question: If the Court instructs you that for the offense of aggravated sexual assault of a child the range of punishment for that is by incarceration for a period of not fewer than 5 years or more than 99 years, will you if seated as a juror be able to comply with the instruction from the Court that that is the law?
>
> Okay. I'm going to go along the front row. I'm going to ask you to state your name loudly and give an answer yes or no if you will be able to comply with the Court's instruction to consider the entire range of punishment from 5 to

---

[1] This appeal was transferred from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE § 73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. TEX. R. APP. P. 41.3.

[2] "[W]e will use the jurors' initials or juror numbers to protect their identities." *Salazar v. State*, No. 13-24-00024-CR, 2025 WL 3545566, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 11, 2025, pet. filed).

2

99 years if seated as a juror. Okay. We'll start over here to my left.

The trial court explained that it wanted the venirepersons to answer what their "conscience allows" and that it was not a matter of upsetting anyone. Individual questioning yielded "yes" responses from several venirepersons, including J.C., M.S., K.H., and C.M. The trial court further questioned whether everyone understood the question and explained:

> To be abundantly clear and cautious here, the Court would instruct the jury that the potential range of punishment or the potential punishment—the range of punishment for the offense of aggravated sexual assault of a child will be 5 to 99 years incarceration. Okay? Those of you who said yes, we take that answer to mean that you are able to consider that range if seated as a juror. If you answered no, then you are not able to consider that range if seated as a juror. Okay? Everybody good with the answer you gave just now?

The venirepersons again confirmed, and the trial court instructed the parties to make their strikes.

Defense counsel objected, and the trial court overruled his challenges for cause on J.C. and M.S. as well as other venirepersons. Defense counsel also requested "about 12 extra strikes because that's how many I would get," which the trial court denied. The parties then made their statutory peremptory challenges. J.C., M.S., K.H., and C.M. served on the jury.

After trial, appellant was convicted as set forth above, and this appeal followed.

## II.    VOIR DIRE

Appellant argues that the trial court abused its discretion when it failed to grant his challenges for cause and additional peremptory strikes for venirepersons J.C., M.S., K.H., and C.M. Appellant claims these four venirepersons were "unable to follow the law due to their prejudices and/or biases involving allegations of sexual crimes against children

3

making them unable to follow the very law(s) which [a]ppellant was entitled to rely." The State argues appellant failed to preserve error. "We first consider whether Appellant has shown that any such error could have harmed him." *Hudson v. State*, 620 S.W.3d 726, 729 (Tex. Crim. App. 2021) (citing *Comeaux v. State*, 445 S.W.3d 745, 747 (Tex. Crim. App. 2014) ("The issue . . . is one of harm, not preservation."), and then citing *Johnson v. State*, 43 S.W.3d 1, 5 n.6 (Tex. Crim. App. 2001) (stating that "[i]n the past we have confused preservation of error and harm issues within the context of an erroneous denial of a challenge for cause," and noting that the steps that courts have sometimes called necessary for preservation are really to show harm)); TEX. R. APP. P. 44.2 (standard for reversible error in criminal cases).

## A. Applicable Law

"If a trial judge errs in overruling a challenge for cause against a venire member, then the appellant must show that he was harmed because he was forced to use a peremptory strike to remove the venire person and that he suffered a detriment from the loss of that peremptory strike." *Buntion v. State*, 482 S.W.3d 58, 83 (Tex. Crim. App. 2016). In addition to demonstrating error by the trial court, an appellant must show that he complied with five steps: "(1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury. *Daniel v. State*, 485 S.W.3d 24, 33 (Tex. Crim. App. 2016); *Hudson*, 620 S.W.3d at 729. These steps are intended to allow the trial court "every opportunity to correct error and to allow the defendant to demonstrate that he did not have the benefit of using his peremptory challenges in the way that he desired." *Comeaux*, 445

4

S.W.3d at 750; *Hudson*, 620 S.W.3d at 729–730.

**B.    Discussion**

In this case, the record shows that appellant challenged the aforementioned jurors for cause and therefore satisfied the first step. However, appellant did not use his peremptory strikes to remove J.C., M.S., K.H., and C.M. from the jury. *See Comeaux*, 445 S.W.3d at 750 (providing that appellant must have "used a peremptory challenge on the complained-of venire member"). Instead, appellant used his peremptory strikes to remove other venirepersons. *See id.* at 752 (holding that a defendant who chooses to employ peremptory strikes outside of the strike zone may not then complain about harm concerning a juror within the strike zone who could have been removed instead); *Hudson*, 620 S.W.3d at 730 ("[T]he defendant must use a peremptory challenge on the complained-of member and exhaust all remaining peremptory challenges."). Therefore, appellant cannot demonstrate "the loss of a peremptory strike" because he did not use any peremptory strikes on the challenged venirepersons who ultimately served on the jury. *See Comeaux*, 445 S.W.3d at 750; *see also Sanchez v. State*, No. 02-15-00302-CR, 2016 WL 6123641, at *8 (Tex. App.—Fort Worth Oct. 20, 2016, pet. ref'd) (mem. op., not designated for publication) ("Without any support in the record to indicate that Appellant utilized a peremptory challenge on Juror 17, she has failed to preserve error on this point.").

Furthermore, appellant did not identify on the record any objectional jurors whom he would have removed with an additional strike. *See Hudson*, 620 S.W.3d at 730 ("Trial counsel did not state that Moreno was an objectionable juror or that counsel would use the requested additional peremptory challenge against her."); *Daniel*, 485 S.W.3d at 34

("Regardless, the record shows that appellant did not request additional strikes or identify an objectionable juror who sat on the jury. Consequently, he cannot demonstrate harm."); *Comeaux*, 445 S.W.3d at 750 ("[T]he defendant must identify on the record the objectionable juror whom he would have removed with the additional strike, but he is not required to explain why that juror is objectionable."). Because appellant failed to identify any objectionable juror as he was required to do, he cannot demonstrate harm. *See Hudson*, 620 S.W.3d at 730; *see also Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013) ("A review of the rest of the trial record we have does not reveal an identified objectionable juror."); *Stanley v. State*, No. 02-17-00084-CR, 2018 WL 3153542, at *7 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for publication) ("Although the record shows that appellant challenged each of the complained-of prospective jurors for cause and . . . requested but [was] denied additional peremptory strikes, it does not show whether he used a peremptory strike on any of these four prospective jurors, nor does it show that appellant identified any objectionable juror on which he would have used an additional peremptory strike."). We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
19th day of February, 2026.

6